UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILLIE EVANS, as Executor of the Estate of Marie R. Evans,

    Plaintiff,

v.

LORILLARD TOBACCO COMPANY, GARBER BROS., INC., GEORGE MELHADO AND COMPANY, and FRANKLIN WHOLESALERS, INC.,

    Defendants.

Civil Action No. 04 11840 MLW



## NOTICE OF REMOVAL

Defendants Lorillard Tobacco Company, Garber Bros., Inc., George Melhado and Company, and Franklin Wholesalers, Inc. (collectively "Defendants")[1], hereby give notice of their removal of Civil Action No. 04-2840-A from the Superior Court, Suffolk County, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441(a) and 1446.

## I. INTRODUCTION.

1. The proper parties in this case are diverse. However, in a calculated effort to defeat this Court's jurisdiction, plaintiff has named three Massachusetts entities, Garber Bros., Inc., George Melhado and Company, and Franklin Wholesalers, Inc. (the "Local

---

[1] Each Defendant joins in this notice of removal to avoid a multiplicity of notices, including Garber Bros., Inc., George Melhado and Company, and Franklin Wholesalers, Inc., who need not consent to removal because they have been fraudulently joined. Each defendant reserves all rights, including, but not limited to, defenses and objections as to venue, personal and/or subject matter jurisdiction, and service of process, and the filing of this Notice of Removal is subject to and without waiver of any defenses and objections.

Distributors"), alleging that they distributed cigarettes in the area where the decedent, Marie Evans, lived and worked, during the time she was smoking. (Compl. ¶ 5). These Local Distributors have been fraudulently joined. Because plaintiff has failed to state any valid, legally sufficient, cause of action against the Local Distributors, the citizenship of these entities must be ignored for purposes of determining this Court's jurisdiction. See Polyplastics, Inc. v. Transconex, Inc., 713 F.2d 875, 877 (1st Cir. 1983) ("finding of fraudulent joinder bears an implicit finding that plaintiff has failed to state a cause of action against the fraudulently joined defendant."); see also Coughlin v. Nationwide Mut. Ins. Co., 776 F. Supp. 626, 628 n.3 (D. Mass. 1991) ("'[f]raudulent joinder' is a term of art used to describe not only the deceptive practice of joining a resident defendant solely to defeat diversity, but also any improper joinder."). Fraudulent joinder also exists because plaintiff has no intent to secure a judgment against the Local Distributors. See Poultry & Beef, Inc. v. Smithfield Packing Co., 635 F. Supp. 1070, 1071 (D.P.R. 1986).

2.  The Local Distributors do not now, nor have they ever, designed, tested, researched or manufactured cigarettes. The Local Distributors have never made any representations or statements concerning smoking and health, other than distributing cigarette packages with preprinted warnings as required by law. The Local Distributors have never advertised or promoted cigarettes to the public. Furthermore, the Local Distributors did not have, nor could they have had, access to information concerning the health risks of smoking, including "addiction," that was not available to the general public. Plaintiff cannot establish that the Local Distributors were anything other that good-faith distributors of cigarettes, which were acquired and sold in sealed containers, or that the Local Distributors had or could have

had any greater knowledge of the nature, composition and properties of cigarettes than the general public.

3.      Recent experiences in other smoking and health cases in this Court support the proposition that the Local Distributors have been fraudulently joined. In a recent case, plaintiffs filed a complaint in state court naming two Massachusetts distributors as defendants. See Massachusetts Laborers' Health & Welfare Fund v. Philip Morris, Inc., C.A. No. 97-115522-GAO, 1998 U.S. Dist. LEXIS 22501 (D. Mass. June 19, 1998) (attached as Exhibit A). Defendants removed the case to this Court. After briefing on defendants' fraudulent joinder argument, plaintiffs' motion to remand was denied and the distributors' motion to be dropped from the case was granted. See id. at *18-23. In three other recent smoking and health cases involving individual plaintiffs, the complaints included claims against cigarette manufacturers and alleged Massachusetts cigarette retailers. Defendants removed the cases to federal court asserting diversity jurisdiction, and plaintiffs in all three cases declined to move to remand. See Hiscock v. R.J. Reynolds Tobacco Co., C.A. No. 98-11960-GAO (D. Mass. 1998); Wajda v. R.J. Reynolds Tobacco Co., C.A. No. 98-12152-GAO (D. Mass. 1998); Lewis v. Philip Morris, Inc., C.A. No. 00-12089-RWZ (D. Mass. 2000).

4.      Recent experiences in other smoking and health cases also demonstrate that the Local Distributors have been fraudulently joined in this action. Numerous courts around the country in tobacco-related actions have rejected other plaintiffs' attempts to fraudulently join non-diverse defendants solely for the purpose of defeating diversity jurisdiction.[2]

---

[2] See, e.g., Coyne v. American Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999) (affirming district court's decision to deny plaintiffs' motion to remand on the basis of fraudulent joinder); Jackson v. Phillip Morris, Inc., 46 F. Supp. 2d 1217 (D. Utah 1998) (denying plaintiffs' motion to remand because local distributors were fraudulently joined); Chester Lyons v. Brown & Williamson Tobacco Corp., Case No. 1:97-CV-1850-CC (N.D. Ga. Mar. 23, 1998) (denying motion to remand because plaintiff fraudulently joined local distributor defendants, finding "they do nothing more than buy the cigarettes from the manufacturers and then sell the cigarettes in sealed

## II.   NOTICE OF REMOVAL IS TIMELY.

5.   In this wrongful death action, plaintiff alleges that the decedent developed, and ultimately died from, lung cancer as a result of smoking Newport cigarettes manufactured by Lorillard Tobacco Company ("Lorillard"). Plaintiff filed the Complaint on June 28, 2004, in the Superior Court of Suffolk County, Massachusetts. Pursuant to 28 U.S.C. § 1446(a), complete copies of "all process, pleadings and orders" served on Defendants are attached hereto as Exhibit F. The Complaint names Lorillard and the Local Distributors as defendants.

6.   The time in which Defendants must remove this action pursuant to 28 U.S.C. § 1446 has not yet expired. Plaintiff served the initial pleading on three of the defendants on August 4, 2004 and on the fourth defendant (Franklin Wholesalers, Inc.) on August 5, 2004. Accordingly, this notice of removal is timely under 28 U.S.C. § 1446(b), which provides that the notice of removal of a civil action shall be filed within thirty days after service of the initial pleading upon a defendant.

---

containers to retailers.") (attached as Exhibit B); Wakeland v. Brown & Williamson Tobacco Corp., 996 F. Supp. 1213 (S.D. Ala. 1998) (denying plaintiffs' motion to remand because local distributor defendants were fraudulently joined); Chamberlain v. American Tobacco Co., 70 F. Supp. 2d 788 (N.D. Ohio 1997) (denying plaintiffs' motion to remand because there was no "reasonable basis for predicting" that local defendants may be liable to plaintiffs under theories of strict liability and negligence); Anderson v. American Tobacco Co., No. 3:97-CV-441 (E.D. Tenn. Oct. 31, 1997) (denying motion to remand because plaintiffs' allegations were "obviously made against the manufacturers and not the wholesalers or retailers who received the products and sold them in sealed containers") (attached as Exhibit C); Gloria Lyons v. American Tobacco Co., Case No. 96-0881-BH-S, 1997 U.S. Dist. LEXIS 18365, at *15-17 (S.D. Ala. Sept. 30, 1997) (denying motion to remand because "there exists no specific factual allegations in the Complaint to support [plaintiff's fraud and breach of warranty claims] against the distributors") (attached as Exhibit D); Masepohl v. American Tobacco Co., 974 F. Supp. 1245 (D. Minn. 1997) (denying motion to remand because plaintiff could not recover from local defendant and, thus, local defendant was fraudulently joined); Walls v. American Tobacco Co., No. 97-CV-0218-H, 1997 U.S. Dist. LEXIS 11214, at *5-6 (N.D. Okla. July 10, 1997) (denying plaintiffs' motion to remand because "[n]one of these allegations – marketing claims, claims of manipulation of content – remotely pertain to the in-state defendants in this case") (attached as Exhibit E).

## III. DIVERSITY JURISDICTION EXISTS.

7. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. This action may be removed pursuant to 28 U.S.C. § 1441 because the amount in controversy exceeds $75,000, exclusive of interest and costs, the suit involves a controversy between citizens of different states, and the only properly-joined defendant, Lorillard, is not a citizen of Massachusetts.

### A. The Amount in Controversy Requirement is Satisfied.

8. This is a wrongful death lawsuit arising out of the decedent's death from lung cancer. The damages plaintiff seeks are substantial and far exceed the jurisdictional threshold. Indeed, plaintiff declares that decedent underwent "painful and debilitating" chemotherapy treatments that rendered her "unable to move from her bed, to eat, or to carry on any semblance of a normal life for close to three months." (Compl. ¶ 31). Plaintiff further declares that decedent suffered from "difficulty breathing and swallowing due to a cancerous growth on her esophagus," "was forced to use oxygen most of the time because her lung cancer had also spread from the left side of her lungs to the right side," and "was unable to eat more than a spoonful or soup or ice cream per day and was on medication almost constantly to manage her pain." (Compl. ¶ 32).

9. Plaintiff seeks to recover damages for the "fair monetary value of the decedent" including loss of income, services, society, companionship, and comfort, reasonable funeral and burial expenses, and conscious pain and suffering, and seeks an award of treble damages plus attorneys' fees and costs. (Compl. ¶ 90; Prayer for Relief.).

10. Given the extensive array of relief sought in this wrongful death action, there can be no doubt that plaintiff seeks to recover well in excess of the $75,000 jurisdictional

minimum. See Knickerbocker v. Chrysler Corp., 728 F. Supp. 460, 463 (E.D. Mich. 1990) (finding that wrongful death claim "clearly exceeds" the jurisdictional amount). Indeed, the history of tobacco litigation in recent years confirms that the amount in controversy in this action exceeds $75,000.

**B.    Plaintiff and the Only Properly Joined Defendant, Lorillard, are Diverse.**

11.    The diversity of citizenship requirement is satisfied. Plaintiff Willie Evans is a resident of the Commonwealth of Massachusetts. (Compl. ¶ 7).

12.    Defendant Lorillard Tobacco Company is a Delaware corporation with its principal place of business in North Carolina.

13.    Defendant Garber Bros., Inc. is a Massachusetts corporation with its principal place of business in the Commonwealth of Massachusetts.

14.    Defendant George Melhado and Company is a Massachusetts corporation with its principal place of business in the Commonwealth of Massachusetts.

15.    Defendant Franklin Wholesalers, Inc. is a Massachusetts corporation with its principal place of business in the Commonwealth of Massachusetts.

16.    There is complete diversity of citizenship between plaintiff and the only proper-named defendant, Lorillard. The Local Distributors have been fraudulently joined. First, the Complaint fails to assert colorable claims against the Local Distributors. There are no specific factual allegations against the Local Distributors. Plaintiff has failed to allege any fact that, if proved, would establish liability under Massachusetts law, including, but not limited to: (a) that the Local Distributors were anything other than good faith distributors of cigarettes, who provided a legal product to legal purchasers of that product in sales to retail stores; (b) that the Local Distributors had any knowledge or control over who eventually purchased the cigarettes

from retail stores; and/or (c) that the Local Distributors had any contact with, or made any attempts to sell cigarettes to, minors. As a matter of law, no colorable claims have been alleged against the Local Distributors.

17.  Fraudulent joinder also exists on a separate, independent basis, namely, that plaintiff lacks any real intent to secure judgment against the Local Distributors. See Poultry & Beef, Inc., 635 F. Supp. at 1071. It is clear that plaintiff has joined the Local Distributors solely in an attempt to forum shop. Plaintiff makes, at most, de minimis allegations against the Local Distributors, failing to even allege that the Local Distributors sold Newport cigarettes to any entities from whom the decedent bought such cigarettes. Such allegations fail to satisfy even notice pleading standards. Further, plaintiff has sued only three of approximately 76 Massachusetts tobacco distributors, accounting collectively for a small share of the total statewide Newport distribution. Because the Local Distributors were fraudulently joined solely to defeat diversity, they may be disregarded for purposes of determining whether diversity jurisdiction exists. See Massachusetts Laborers' Health & Welfare Fund, 1998 U.S. Dist. LEXIS 22501, at *18-23 (holding that similar distributor defendants were fraudulently joined).

## IV.  REMOVAL TO THIS DISTRICT IS PROPER.

18.  Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removal of the state court action to this Court is appropriate.

19.  Pursuant to 28 U.S.C. § 1441(a), removal is made to this Court as the district and division embracing the place where the state action is pending. 28 U.S.C. § 101.

20.  Defendants reserve the right to amend or supplement this Notice of Removal.

21.  Defendants reserve all defenses, including, without limitation, lack of personal jurisdiction.

22. Defendants request a trial by jury of all issues.

23. Defendants are providing plaintiff, by and through his counsel, written notice of this Notice of Removal as required by 28 U.S.C. § 1446(d). Further, Defendants are filing a copy of this Notice of Removal with the Clerk of the Suffolk County Superior Court, where the action is currently pending, and, pursuant to Local Rule 81.1, will file in this Court certified or attested copies of all records of proceedings in the state court action, as well as a certified or attested copy of all docket entries therein, within 30 days of the filing of this Notice of Removal.

LORILLARD TOBACCO COMPANY,

By its attorneys,

*/s/ Andrew J. McElaney, Jr.*
Andrew J. McElaney, Jr. (BBO# 322260)
Scott E. Erlich (BBO# 637202)
Timothy D. Johnston (BBO# 647894)
Nutter, McClennen & Fish, LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
(617) 439-2000

and

Gay L. Tedder
Bruce R. Tepikian
Suzanne M. Teeven
Shook, Hardy & Bacon LLP
2555 Grand Blvd.
Kansas City, MO 64108
(816) 474-6550

GEORGE MELHADO AND COMPANY,

By its attorneys,

_____
Andrew J. McElaney, Jr. (BBO# 332260)
Scott E. Erlich (BBO# 637202)
Timothy D. Johnston (BBO# 647894)
Nutter, McClennen & Fish, LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA  02210
(617) 439-2000

GARBER BROS., INC.,

By its attorneys,

_____
Andrew J. McElancy, Jr. (BBO# 332260)
Scott E. Erlich (BBO# 637202)
Timothy D. Johnston (BBO# 647894)
Nutter, McClennen & Fish, LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA  02210
(617) 439-2000

FRANKLIN WHOLESALERS, INC.,

By its attorneys,

_____
Frank J. Bailey (BBO# 026485)
James W. Matthews (BBO# 560560)
Katy Ellen Koski (BBO# 650613)
Sherin and Lodgen LLP
100 Summer Street
Boston, MA  02110
(617) 646-2000

Dated: August 23, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand

Date: 8/23/04  _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED

1. Title of case (name of first party on each side only) __Willie Evans v. Lorillard Tobacco Company.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases
   - [x] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

   04 11840 MLW

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES [ ]   NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]   NO [x]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES [x]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division [x]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES [ ]   NO [x]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __See Attachment A.__
ADDRESS _____
TELEPHONE NO. _____

(Coversheetlocal.wpd - 10/17/02)

## ATTACHMENT A

COUNSEL FOR DEFENDANT
LORILLARD TOBACCO COMPANY

Andrew J. McElaney, Jr.
Scott E. Erlich
Timothy D. Johnston
Nutter, McClennen & Fish, LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA  02210
(617) 439-2000

Gay L. Tedder
Bruce R. Tepikian
Suzanne M. Teeven
Shook, Hardy & Bacon LLP
2555 Grand Boulevard
Kansas City, MO  64108
(816) 474-6550

COUNSEL FOR DEFENDANT
GEORGE MELHADO AND COMPANY

Andrew J. McElaney, Jr.
Scott E. Erlich
Timothy D. Johnston
Nutter, McClennen & Fish, LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA  02210
(617) 439-2000

COUNSEL FOR DEFENDANT
GARBER BROS., INC.

Andrew J. McElaney, Jr.
Scott E. Erlich
Timothy D. Johnston
Nutter, McClennen & Fish, LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA  02210
(617) 439-2000

COUNSEL FOR DEFENDANT
FRANKLIN WHOLESALERS, INC.

Frank J. Bailey
James W. Matthews
Katy Ellen Koski
Sherin and Lodgen LLP
100 Summer Street
Boston, MA  02110
(617) 646-2000

1354705.