UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| WILLIE EVANS, as Executor of the Estate of Marie R. Evans, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. NO. 04-11840 (MLW) |
| LORILLARD TOBACCO COMPANY, GARBER BROS., INC., GEORGE MELHADO AND COMPANY, and FRANKLIN WHOLESALERS, INC., | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND AND FOR AWARD OF ATTORNEYS' FEES AND COSTS

Plaintiff Willie Evans, as Executor of the Estate of Marie R. Evans, moves pursuant to 28 U.S.C. § 1447(c), for an order remanding this action to Massachusetts Superior Court on the ground that this Court lacks subject matter jurisdiction over the action. Despite defendants' unsupported assertions to the contrary, the proper parties to this action are not diverse and plaintiff has valid claims against each and every one of the defendants. Indeed, defendants' Notice of Removal ("Notice"), while purporting to make a case that certain defendants have been "fraudulently joined" in order to defeat this Court's jurisdiction, makes a far more compelling case that defendants have removed a case they know is not removable in order to cause plaintiff expense and delay. The Notice is so devoid of any factual or legal support for the removal that no other conclusion seems possible. Plaintiff therefore requests that the order of remand also require defendants, pursuant to 28 U.S.C. § 1447(c), to pay just costs and actual expenses, including attorneys' fees, incurred as a result of the removal.

## STATEMENT OF THE CASE

Plaintiff Willie Evans filed this action on June 28, 2004 against defendants Lorillard

Tobacco Company ("Lorillard") and three Massachusetts distributors of Lorillard's tobacco

products, Garber Bros., Inc., George Melhado & Company, and Franklin Wholesalers, Inc.

(collectively, the "Massachusetts Distributors"). Plaintiff seeks compensatory and punitive

damages for the wrongful death of his mother, Marie Evans, a life-long resident of

Massachusetts who died of smoking-related small cell lung cancer on June 20, 2002. Plaintiff's

Complaint alleges claims against the Massachusetts Distributors for breach of warranty (Count

III), violations of c. 93A, the Massachusetts consumer protection statute (Count VI), negligence

(Count VII), and wrongful death (Count VIII).[1] These claims are premised on specific factual

allegations, as described more fully below, concerning the sale and/or distribution of Newport

cigarettes by the Massachusetts Distributors to neighborhoods where Ms. Evans lived and

worked, during the time when she was purchasing and smoking Newport cigarettes.

Significantly, defendants do not dispute these factual allegations.

## ARGUMENT

I.   This Case Should Be Remanded Because Plaintiff's Complaint States Valid Causes Of
     Action Against The Massachusetts Distributors And Therefore Joinder Of These
     Defendants is Proper.

Defendants' Notice claims as the sole basis for removal that the citizenship of the

Massachusetts Distributors should be ignored for purposes of determining this Court's

jurisdiction under 28 U.S.C. § 1332 because they have been "fraudulently joined." Notice at 2.

As defendants concede, joinder of the Massachusetts distributors is not "fraudulent" if the

_____

[1] Defendant Lorillard concedes that it is a "proper part[y]" to this action (Notice at 1), and therefore the claims against it are not at issue.

2

Complaint "state[s] any valid, legally sufficient cause of action against [them]."  Notice at 2.

Furthermore:

> "The burden of establishing that joinder is fraudulent is on the party seeking
> removal to federal court, and the burden is a heavy one.  The plaintiff need not
> have a winning case against the allegedly fraudulent defendant; he need only have
> a *possibility* of stating a valid cause of action in order for joinder to be legitimate.
> Moreover, in determining whether the plaintiff has the possibility of stating a
> valid cause of action, the court is to resolve all disputed questions of fact, and any
> ambiguities in the controlling state law, in favor of the non-removing party."

Fabiano Shoe Co. v. Black Diamond Equipment, Ltd., 41 F. Supp. 2d 70, 71-72 (D. Mass. 1999)

(rejecting claim that distributor was fraudulently joined and remanding action to state court)

(internal citations omitted).  See also C. Pappas Co. v. E. & J. Gallo Winery, Civil Action no. 83-

3348-K, 1984 WL 2930, at *2-3 (D. Mass. Jan. 17, 1984) (statutes regulating jurisdiction of

federal courts are strictly construed and therefore, claim of fraudulent joinder must be supported

by clear and convincing evidence).

Here, defendants' showing falls far short of what is required to establish that plaintiff

does not even have the possibility of stating a valid cause of action against the Massachusetts

Distributors.  For example, defendants argue that the Massachusetts Distributors have never

"designed, tested, researched or manufactured cigarettes."  Notice at 2.  This is not surprising,

but completely irrelevant.  Distributors, as their name suggests, distribute cigarettes and do not

design, test or manufacture them.  Accordingly, the Complaint alleges that:

- The Massachusetts distributors "distributed Newport cigarettes in the Boston area,
  including neighborhoods in which Marie Evans lived and worked, during the time
  that Marie Evans was purchasing and smoking Newport cigarettes" (Complaint, ¶ 5);

- "[T]he Newport cigarettes. . . sold and distributed by defendants to Marie Evans were
  defective and unreasonably dangerous to users and consumers, including Marie

Evans, because such cigarettes were carcinogenic, addictive, and contained dangerous levels of tar, nicotine and other substances" (Complaint, ¶ 60)

- "At all times relevant to the Complaint, Marie Evans used and consumed the Newport cigarettes manufactured, sold and distributed by defendants in the manner in which defendants intended and expected such cigarettes to be used" (Complaint, ¶ 62);

- The Newport cigarettes distributed by the Massachusetts Distributors were not, prior to 1969, accompanied by a proper warning (Complaint, ¶¶ 61, 84); and

- "At all relevant times, defendants knew or should have known that smoking Newport cigarettes is hazardous to human health, causes human disease and is addictive" (Complaint, ¶ 36).

These allegations go well beyond the mere "possibility" of stating a valid cause of action against the Massachusetts Distributors based on their role in distributing a defective and unreasonably dangerous product to consumers, including Marie Evans.

Defendants next assert without support that the Massachusetts Distributors did not have access to information concerning the health risks of smoking, including addiction, beyond that available to the general public and were therefore nothing but "good-faith distributors of cigarettes. . . ." Notice at 2-3. First, whether the Massachusetts Distributors knew or should have known of the disease-causing and addictive nature of cigarettes is a question of fact that must be resolved in favor of the non-removing party. Fabiano Shoe Co., 41 F. Supp. 2d at 71-72. Thus, the Massachusetts Distributors are not "good-faith distributors," whatever is meant by that term, simply on defendants' say-so.[2]

---

[2] It is noteworthy that Lorillard, and perhaps the Massachusetts Distributors, routinely defend actions brought by injured smokers by alleging that the health hazards and addictive nature of cigarettes were and are a matter of common knowledge. If, as the Distributors now argue, they had knowledge equal to that of the general public, one

Second, and more fundamentally, even alleged "good faith" distributors of a defective and unreasonably dangerous product – like Newport cigarettes – are liable under Massachusetts law when that product injures and kills consumers, like Marie Evans. See *Mills v. Allegiance Healthcare Corp.*, 178 F. Supp. 2d 1, 7 (D. Mass. 2001) (citing *Mitchell v. Stop & Shop Cos.*, 41 Mass.App.Ct. 521, 523, 672 N.E.2d 544 (1996)) ("Massachusetts imposes strict liability on distributors of products, even those who act merely as a conduit and neither alter the product nor contribute to its injuriousness"). To state a valid claim of breach of warranty, such as the claims alleged in Count III ("Breach of Warranty"), Count VI ("Violations of G.L. c. 93A, Section 9") and Count VIII ("Wrongful Death") of the Complaint, the plaintiff need only allege that the defendant sold and/or distributed a product in a defective condition unreasonably dangerous to users and consumers, not that the defendant acted in bad faith or even had knowledge of the defect. See *Colter v. Barber-Greene Co.*, 403 Mass. 50, 61-62 (1988) (because a breach of warranty does not require a defendant's misconduct, a defendant may be liable on a theory of breach of warranty even though he properly designed, manufactured, or sold his product); *Correia v. Firestone Tire & Rubber Co.*, 388 Mass. 342, (1983) (unlike negligence liability, warranty liability focuses on whether the product was defective and unreasonably dangerous and not on the conduct of the user or seller); *Maillet v. ATF-Davidson Co.*, 407 Mass. 185, 193 (1990) ("[g]enerally, a breach of warranty constitutes a violation of G.L. c. 93A, § 2."). Here, the Massachusetts Distributors are alleged to have done exactly what the law prohibits: selling and/or distributing Newport cigarettes in a defective condition unreasonably dangerous to users and consumers, including Marie Evans. *See* Complaint at ¶¶ 5, 34-37; 57-63; 77, 89.

---

is left to wonder how these Distributors could be in "good faith" when they distributed for years a product they knew caused illness, addiction and death.

Plaintiff has also stated a valid negligence claim against the Massachusetts Distributors for failing to exercise reasonable care in distributing Newport cigarettes to users and consumers, including Marie Evans, and in failing to warn Marie Evans of the health hazards, including addiction, of smoking Newport cigarettes prior to 1969. Complaint at ¶ 84. Defendants again fail to mention, and thus to address, that claim in their Notice. In sum, defendants' Notice – which fails to acknowledge the breach of warranty and negligence claims, much less establish by clear and convincing evidence that such claims are not even "possible" – is insufficient to meet their burden of proving the alleged fraudulent joinder of the Massachusetts Distributors. See *Fabiano Shoe Co.*, 41 F. Supp.2d at 71-71; *C. Pappas Co.*, 1984 WL 2930 at *3.

It is telling that defendants' principal argument is that plaintiff has not alleged certain facts, notwithstanding that those facts are plainly irrelevant to any claims that have been asserted against the Distributors. For example, defendants argue that plaintiff has failed to allege that the Massachusetts Distributors "had any knowledge or control over who eventually purchased the cigarettes from retail stores." Notice at 6-7. Such knowledge or control has no bearing on a claim that the Distributors breached their implied warranty of merchantability or violated c. 93A, § 2, and defendants cite no authority for a contrary proposition. Similarly, defendants' argument that plaintiff fails to allege that the Distributors "had any contact with, or made any attempts to sell cigarettes, to minors," (Notice at 7) is again completely irrelevant to plaintiff's claim that they sold and/or distributed Newport cigarettes in a defective condition unreasonably dangerous to users and consumers, including Marie Evans, and failed, prior to 1969, to warn users and consumers, including Marie Evans, of the disease-causing, addictive nature of Newport cigarettes.

This Court has considered – and rejected -- the virtually identical claim of fraudulent

joinder on multiple occasions. And on each such occasion, the Court found that the

Massachusetts cigarette distributors were not fraudulently joined where the complaint stated

valid causes of action against them for breach of warranty and negligence. See *Estate of*

*Bakoian v. R.J. Reynolds Tobacco Co.*, C.A. No. 98-11739-GAO (D. Mass. Aug. 18, 1999)

[attached at Tab 1]; *Curtis v. R.J. Reynolds Tobacco Co.*, C.A. No. 98-11961-GAO (D. Mass.

Aug. 18, 1999) [attached at Tab 2]; *McKenney v. R.J. Reynolds Tobacco Co.*, C.A. No. 98-

11755-GAO (D. Mass. Aug. 18, 1999) [attached at Tab 3]; *Teneriello v. R.J. Reynolds Tobacco*

*Co.*, C.A. No. 98-11878-GAO (D. Mass. Aug. 18, 1999) [attached at Tab 4]. Similarly, in

*Anderson v. R.J. Reynolds Tobacco Co.*, C.A. No. 99-11382-GAO, 1999 U.S. Dist. LEXIS

22261, at *5-9 (D. Mass. Sept. 20, 1999) [attached at Tab 5], this Court denied motions by

Massachusetts cigarette distributors to dismiss claims against them for breach of warranty and

negligence and remanded the case, rejecting the distributors' argument that they were

fraudulently joined in the action. Defendants' Notice does not address these cases.

The cases that defendants do cite in support of their claim of fraudulent joinder are

clearly inapposite. In *Massachusetts Laborers' Health and Welfare Fund v. Philip Morris, Inc.*,

C.A. No. 97-115522-GAO, 1998 U.S. Dist. LEXIS 22501 (D. Mass. June 19, 1998), the

complaint was "devoid of any specific allegations about [the distributors]," and the complaint did

not "even allege that they are distributors of tobacco products." *Id.* at *19. Moreover, the

distributors were "excluded even from the one claim that might be thought to have the most

pertinence to Massachusetts distributors – the one alleging a violation of the Massachusetts

consumer protection statute." *Id.* at *20-21. Further, the complaint in that case failed to allege

claims against the distributors "based on contract or quasi-contract theories – like breach of

warranty, for instance – that might plausibly implicate all sellers in the chain of distribution." *Id.* at *21 n.3. In contrast, the Complaint in this action specifically alleges that the Massachusetts Distributors distribute Newport cigarettes, and asserts against them both a breach of warranty claim (Count III) and a violation of the Massachusetts consumer protection statute (Count VI).[3]

Similarly, the other Massachusetts cases cited by defendants in their Notice (Notice at 3) have no application to this case and offer no support for the removal. In each one of those cases, the plaintiff, unlike plaintiff in this case, did not move to remand the action after defendants removed it to federal court. Apparently, defendants would have this Court infer from this that removal in those cases was proper. A much more plausible inference is that the plaintiffs simply lacked the resources to contest the removal, no matter how improper and unmeritorious.

The "smoking and health" cases from other jurisdictions cited by defendants (Notice at 3-4) are also unhelpful to their claim of fraudulent joinder because the plaintiffs in those cases either failed to allege claims against the cigarette distributors that involved the distribution of cigarettes or failed to allege sufficient facts to support their claims based on the distribution of cigarettes. As demonstrated above, this is simply not the situation in this case.

Defendants' last-resort argument is that this Court can find that the Massachusetts Distributors were fraudulently joined if plaintiff has "no real intent to secure judgment against [them]." Notice at 7. However, defendants point to no authority to support that argument. The one case they do cite, Poultry & Beef of Puerto Rico, Inc. v. Smithfield Packing Co., 635 F. Supp. 1070, 1071 (D.P.R. 1986), discusses this argument in dictum but denies the motion to remand on the completely different ground that the plaintiff had "no possible claim for relief"

---

[3] The Court denied the motion to remand in part because "the complaint set[] forth at least one colorable claim within the federal question jurisdiction of the Court – a claim by fiduciaries of an ERISA plan for equitable relief to enforce terms of the plan," a situation not at issue here. Massachusetts Laborers' Health & Welfare Fund, 1998 U.S. Dist. LEXIS 22501, at *18.

against the non-diverse defendant. Moreover, even assuming that such an argument could carry the day, defendants offer no evidence, much less clear and convincing evidence, that plaintiff does not intend to pursue vigorously his claims against the Massachusetts Distributors. Indeed, the evidence points strongly in the opposite direction, given that plaintiff has served on each one of the Massachusetts Distributors, along with the Complaint, extensive discovery requests.

In sum, plaintiff's Complaint states valid causes of action against the Massachusetts Distributors for breach of warranty, negligence, violations of the Massachusetts consumer protection statute, and wrongful death. Removal in this situation was improper and unjustified and plaintiff's motion to remand should be granted.

II.    Plaintiff Is Entitled To An Award Of Costs, Including Attorneys' Fees

28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." Courts have awarded costs pursuant to this provision when the defendant's argument, although "colorable," was "wrong as a matter of law." *Hofler v. Aetna US Healthcare of California, Inc.*, 296 F.3d 764, 770 (9th Cir. 2002). See also *Hart v. Wal-Mart Stores, Inc. Associates' Health and Welfare Plan*, 360 F.3d 674, 678 (7th Cir. 2004) (affirming award of fees and noting that, "If removal is found to be improper, the plaintiff is presumptively entitled to an award of fees."); *Suder v. Blue Circle, Inc.*, 116 F.3d at 1352-53 (10th Cir. 1997) (award of fees can be made if removal is not legitimate, and therefore improper, even if basis for removal was "colorable"); *Mints v. Educational Testing Service*, 99 F.3d 1253, 1260 (3rd Cir. 1996) (court may require payment of fees and costs by the removing party even if removal was not in bad faith") (citing *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993); *Moore v. Permanente*

*Medical Group, Inc.*, 981 F.2d 443, 447 (9th Cir. 1992) (same); *Morgan Guaranty Trust Co. v. Republic of Palau*, 971 F.2d 917, 923-924 (2d Cir. 1992) (same).

These decisions are consistent with amendments to 28 U.S.C. § 1447(c). Prior to 1988, § 1447(c) authorized a court to "order the payment of just costs" if "the case was removed improvidently and without jurisdiction." The current provision is much broader, permitting courts to "require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). As the Ninth Circuit Court of Appeals found, "[b]y adding attorney's fees to costs which may be awarded after remand, Congress provided the statutory authorization necessary to award fees without a finding of bad faith." *Moore*, 981 F.2d at 446. See also *Morgan Guaranty Trust Co.*, 971 F.2d at 923 ("the statute as amended makes no reference at all to the state of mind or intent of the party removing the action, instead focusing strictly on the mere absence of subject matter jurisdiction").

Moreover, the law relating to claims against distributors of defective and unreasonably dangerous products is not uncertain and therefore defendants' removal does not "raise legitimate jurisdictional issues in evident good faith." *Karpowicz v. Blue Cross and Blue Shield of Massachusetts, Inc.*, Civ. A. No. 96-10050-MLW, 1996 WL 528372, at *7 (D. Mass. Aug. 19, 1996) [Tab 6].[4] Indeed, defendant Lorillard has made very similar arguments to no avail in other Massachusetts state law cases. See *Estate of Bakoian* [Tab 1]; *Curtis* [Tab 2]; *McKenney* [Tab 3]; *Teneriello* [Tab 4]. Removal of this case based on virtually identical, but not legitimate, arguments warrants an award to plaintiff of costs and fees. See *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1353 n.3 (10th Cir. 1997) (award of fees for improper removal was especially

---

[4] *East Coast Steel Erectors, Inc. v. International Association of Bridge, Structural and Ornamental Iron Workers, Local 7*, Civ. A. No. 90-10314-MLW, 1990 WL 85505, at *5 (D. Mass. June 15, 1990) [Tab 7] is not to the contrary because in that case, the court found that the removal was based on complex questions of law.

10

appropriate where similar arguments for removal had been previously rejected at least twice in same district).

**CONCLUSION**

For all of the foregoing reasons, plaintiff respectfully requests that this Court grant Plaintiff's Motion To Remand And For Award Of Attorneys' Fees And Costs.

Plaintiff WILLIE EVANS, as Executor of the Estate of Marie R. Evans,

By his Attorneys,

Michael D. Weisman, BBO# 521000
Rebecca P. McIntyre, BBO# 547402
WEISMAN & McINTYRE,
    *a Professional Corporation*
114 State Street
Boston, MA 02109
(617) 720-2727

DATED:  September 3, 2004

**CERTIFICATE OF SERVICE**

I, Rebecca P. McIntyre, hereby certify that a true copy of the above document was served upon the attorney of record for each other party by first class mail on September 3, 2004.

Rebecca P. McIntyre

11
