UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILLIE EVANS, as Executor of the Estate of )
Marie R. Evans, )
 )
    Plaintiff, )
 )
v. )
 )  Civil Action No.: 04-11804-MLW
LORILLARD TOBACCO COMPANY, GARBER )
BROS., INC., GEORGE MELHADO AND )
COMPANY, and FRANKLIN WHOLESALERS, )
INC., )
 )
    Defendants. )

## AFFIDAVIT OF HAROLD GARBER

I, Harold Garber, state as follows:

1. I am the owner, President, and Chief Executive Officer of Garber Bros., Inc. ("Garber Brothers"). I founded Garber Brothers in 1947 and have worked at the company continuously since that time.

2. Garber Brothers is a family-owned company organized under the laws of the Commonwealth of Massachusetts with its principal place of business at Route 139 at Kay Way, Stoughton, Massachusetts.

3. Garber Brothers is in the business of distributing tobacco, candy, and convenience store items to retail entities on a wholesale basis. Garber Brothers has never made direct retail sales of tobacco products to individual consumers.

4. The tobacco products that Garber Brothers distributes are obtained in sealed packages from various manufacturers, including Lorillard.

5. Garber Brothers has never:

(a) manufactured cigarettes or any other tobacco product;

(b) packaged cigarettes or any other tobacco product for sale to consumers;

(c) altered in any way the packaged cigarette products delivered to it other than affixing tax stamps to closed packages of cigarettes;

(d) directed, financed, or engaged in any advertising or marketing activities directed at consumers of tobacco products;

(e) participated in any tobacco giveaway promotions or other marketing campaigns the focus of which is to give free cigarettes to consumers;

(f) obtained information from any cigarette manufacturer or distributor that is not otherwise publicly available about, among other things: the composition of the cigarettes manufactured and distributed by the manufacturers; the results of any research or studies concerning or the health effects of smoking cigarettes or any other tobacco product; or the results of any research or studies concerning the addictive qualities, if any, of the tobacco used in cigarettes;

(g) participated in the development by any cigarette manufacturer or any of their trade groups of any marketing strategy or campaign or advertising strategy or campaign;

(h) received any access to the internal research reports, advertising or marketing strategies or manufacturing strategies of any cigarette manufacturer or any of their trade groups;

(i) participated in or received access to any information regarding the advertising or marketing of cigarettes, including Newports, to any ethnic, racial or religious group, including African-Americans;

2

(j) made any representations concerning the health effects of cigarette smoking, other than distributing cigarette packages containing the pre-printed health warnings required by federal law.

6. With the exception of affixing tax stamps to closed packages of cigarettes, Garber Brothers' sole conduct with respect to cigarettes has consisted of purchasing cigarettes in sealed packages on a wholesale basis from manufacturers and selling those cigarettes on a wholesale basis to retail entities.

7. To the best of my recollection, Garber Brothers has never sold or otherwise supplied cigarettes to any entities named "Johnny's" or "Moe's" in Roxbury, Massachusetts.

8. I understand that, during her lifetime, Marie Evans lived in Roxbury, Hyde Park, Randolph and Dorchester and worked in Boston and Roxbury. Garber Brothers was never the exclusive distributor of Newport cigarettes in any of these areas.

I state under the penalty of perjury that the foregoing is true and correct. Executed on this 27 day of September, 2004.

_____
Harold Garber

1356249.4

### CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand

Date: 10/4/04  _____

3