## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

WILLIE EVANS, as Executor of the Estate of
Marie R. Evans,

        Plaintiff,

v.

LORILLARD TOBACCO COMPANY, GARBER
BROS., INC., GEORGE MELHADO AND
COMPANY, and FRANKLIN WHOLESALERS
INC.,

        Defendants.

CASE NO. 04-11840 (MLW)

## PLAINTIFF'S OPPOSITION TO LORILLARD TOBACCO COMPANY, GARBER BROS., INC., AND GEORGE MELHADO AND COMPANY'S JOINT MOTION FOR LEAVE TO FILE JOINT SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Plaintiff hereby opposes Lorillard Tobacco Company, Garber Bros., Inc., and George

Melhado and Company's Joint Motion for Leave to File Joint Sur-Reply in Opposition to

Plaintiff's Motion To Remand ("Defendants' Motion"). Defendants' reasons for seeking leave

to file yet another brief do not ring true and, in any event, are insufficient to warrant granting

leave to file a sur-reply. Leave to file a sur-reply should only be granted in the rarest of

circumstances, specifically when the party seeking leave is "'unable to contest matters presented

to the court for the first time' in the last scheduled pleading." See *Ben-Kotel v. Howard

University*, 319 F.3d 532, 536 (D.C. Cir. 2003), quoting *Lewis v. Rumsfeld*, 154 F. Supp.2d 56,

61 (D. D. C. 2001). Leave to file a sur-reply should not be granted where the sur-reply largely

"echoes prior submissions," and "is simply an effort to have the last word." *Koken v. Auburn

Manufacturing, Inc.*, No. Civ. 02-83-B-C, 2004 WL 51099, at *6 (D. Me. Jan. 9, 2004). See also

*Sheldon v. Charles Schwab & Co., Inc.*, No. 98-2277-JWL, 2000 WL 33911222, *3 (D. Kan. Sept. 27, 2000), aff'd sub nom, *Sheldon v. Vermonty*, 269 F.3d 1202 (10th Cir. 2001) (The rules regarding sur-replies "are not only fair and reasonable, but they assist the court in defining when briefed matters are finally submitted and in minimizing the battles over which side should have the last word") (internal quotations omitted). Defendants' Motion fails to plead circumstances that would warrant granting leave to file a sur-reply. Defendants' proposed sur-reply adds nothing new, responds to nothing new, and has no point other than to give defendants the last word.

Defendants' asserted reasons for seeking leave to file a sur-reply are to rehash for the Court its own fraudulent joinder standard and to re-characterize old arguments that they claim were "mischaracterized" by plaintiff. Defendants' Motion at 1. Defendants' Motion at 1. As for the first reason, the fraudulent joinder standard governing plaintiff's Motion to Remand was not "a matter presented to the Court for the first time" in plaintiff's Reply Memorandum, and thus is not an appropriate subject of a sur-reply. As for the second reason, plaintiff's characterization of defendants' arguments does not implicate any new matters. See *Lewis v. Rumsfeld*, 154 F. Supp.2d at 61 (contention that defendants had "mischaracterized" plaintiff's position in their reply did not involve a new matter, but an alleged mischaracterization of an old matter, and therefore leave to file a sur-reply was denied).

Defendants' last claim – that they want an opportunity to respond to plaintiff's counter-affidavits (Defendants' Motion at 1-2) – also fails to satisfy the standard for granting leave to file a sur-reply. Plaintiff's counter-affidavits do not present to the Court any new matters. Plaintiff's Complaint alleges that these defendant distributors distributed the cigarettes that addicted, injured and eventually killed Marie Evans. Defendants were not only able to contest that

2

allegation, but they attempted to do so both in their Notice of Removal and their Joint Opposition to Plaintiff's Motion to Remand, and accompanying affidavits. Plaintiff's counter-affidavits do not present any new matters; they provide specifics to support plaintiff's original allegation and to demonstrate how little probative value defendants' affidavits have, particularly at this pre-discovery stage of the proceedings.[1]

What is clear about defendants' affidavits is that they put plaintiff in the very kind of unfair situation that justifies plaintiff's seeking leave to file a reply. Defendants submitted these affidavits in connection with the last scheduled pleading on plaintiff's Motion to Remand, leaving plaintiff unable to contest this new evidence as a matter of right.[2] Of course, as a practical matter, defendants' affidavits are not probative of fraudulent joiner because they do not foreclose the reasonable possibility that these defendant distributors distributed the cigarettes that injured and killed Marie Evans. In other words, defendants' affidavits fall far short of what is necessary to discharge their burden of proving fraudulent joinder -- namely, clear and convincing evidence that plaintiff has not even a possibility of stating a valid claim against these distributors. See *Fabiano Shoe Co. v. Black Diamond Equipment, Ltd.*, 41 F. Supp.2d 70, 71-73 (D. Mass. 1999). See also *Mills v. Allegiance Healthcare Corp.*, 178 F. Supp.2d at 6 (examining evidence

---

[1] Although defendants have had ample opportunity to respond to plaintiff's allegations concerning the distributors, to the extent that they object to the counter-affidavits, "the proper procedure would be to file a Notice of Objection to the specific evidence, not a sur-reply to rehash all the arguments already presented in the response brief and to get 'another bite at the apple.'" *Benton v. Cousins Properties, Inc.*, 230 F. Supp. 2d 1351, 1366-67 (N.D. Ga. 2002), aff'd without op., 97 F.Appx. 904, 2004 WL 385218 (11th Cir. 2004).

[2] As the Court is aware, defendants submitted affidavits for the first time with their Joint Opposition to Plaintiff's Motion to Remand, not with their Notice of Removal. While defendants rely on *Mills v. Allegiance Healthcare Corp.*, 178 F. Supp. 1, 5-6 (D. Mass. 2001), to justify introducing matters outside the pleadings (proposed sur-reply at 12), *Mills* actually confirms that what defendants have attempted here is neither fair nor reasonable. In *Mills*, the defendant submitted an affidavit prior to the plaintiff's motion to remand, enabling the plaintiff to contest that evidence in his motion. In contrast, defendants here chose to omit the affidavits from their original Notice of Removal and to submit them for the first time in their Joint Opposition to the Motion to Remand, depriving plaintiff of any automatic right to respond to them. On top of that, defendants represented to plaintiff's counsel that they did not oppose plaintiff's motion for leave to file a Reply in order to address that new evidence. Now they are before this Court urging it to "disregard" (proposed sur-reply at 6-7) the heart of plaintiff's response to that new evidence, namely his counter-affidavits.

3

extrinsic to the complaint to determine whether there is any reasonable likelihood of recovery can be problematic, particularly where the opportunity for discovery has been lopsided).

Finally, even if defendants could establish that plaintiff's counter-affidavits present new matters that defendants have been unable to contest, defendants' proposed sur-reply is not a competent response. Defendants complain that Marie Evans's relatives' statements are "highly suspect," and are "affidavits of convenience," simply because they are more specific than – but perfectly consistent with – Marie Evans's deposition testimony. Defendants' proposed sur-reply at 5. This is not probative of fraudulent joinder. See *Mill-Bern Assoc., Inc. v. Dallas Semiconductor Corp.*, 69 F. Supp.2d 240, 245 (D. Mass. 1999) (rejecting claim by a defendant based on deposition transcript that plaintiff cannot prove claims against non-diverse party where complaint's allegations were sufficient and discovery had just begun).

Further, defendants' complaining is nothing more than an unsubstantiated attack on the credibility of the affiants. "Credibility is an issue reserved for the finder of fact. Just as a challenge to the credibility of the movant's witnesses, standing alone, does not create a genuine issue of fact, a challenge to the credibility of the nonmovant's witness cannot demonstrate the absence of such an issue." *DuFresne v. Cooper Industries, Inc.*, No. 980445-P-H, 1999 WL 33117169, at *4 n.9 (D. Me. Sept. 29, 1999) (internal citation omitted). Thus, defendants' unfounded accusations concerning the credibility of Marie Evans' relatives, although offensive, do not move defendants any closer to discharging their burden on the Motion to Remand.

Likewise, defendants' personal comments about plaintiff's counsel's pre-suit activities – presumably a misguided effort to "expose" plaintiff's motives for suing the distributors

4

(Defendants' Motion at 3-5) – are equally ineffectual against a Motion to Remand.[3] As this Court has made clear, "[s]o long as the plaintiffs have an objectively valid basis for joining [the non-diverse defendant] in the complaint, their subjective motivations are largely irrelevant." *Mills*, 178 F.Supp.2d at 6. See also *Abels v. State Farm Fire & Casualty Co.*, 770 F.2d 26, 32 (3d Cir. 1985) ("The fact that the plaintiffs' motive for joining a Doe defendant is to defeat diversity is not considered indicative of fraudulent joinder"); *Moorco International, Inc. v. Elsag Bailey Process Automation N.V.*, 881 F. Supp. 1000, 1006 (E.D. Pa. 1995) ("there is nothing improper about formulating and executing an effective litigation strategy, including selecting the most favorable forum for the client's case").

In sum, there is lack of good cause for granting defendants leave to file a sur-reply. Defendants are not facing any new matters; they have addressed at length both in their Notice of Removal and Joint Opposition the allegation that these distributors distributed the cigarettes that killed Marie Evans. The proposed sur-reply is a complete rehash, coupled with an improper attempt to introduce new, but wholly irrelevant, factual information. Defendants' Motion should be denied.

---

[3] Defendants claim without support that identifying the distributors was a routine matter, given plaintiff's counsel's connections at Hill & Barlow and the Office of the Attorney General, and thus plaintiff could have identified the distributors much sooner had he "truly intended to obtain a judgment against them." Proposed sur-reply at 4-5. Illogically, however, they argue at the same time that plaintiff "cannot identify any cigarette distributor responsible for putting cigarettes in Ms. Evans's hands . . . ." *Id.* at 1. Moreover, defendants' attempt to introduce new factual information in a sur-reply is clearly improper. See *National Football League v. Insight Telecommunications Corp.*, 158 F.Supp.2d 124, 127 (D. Mass. 2001) (denying leave to file sur-reply to extent that party was seeking to introduce new facts).

Plaintiff WILLIE EVANS, as Executor
of the Estate of Marie R. Evans,

By his Attorneys,

Michael D. Weisman, BBO# 521000
Rebecca P. McIntyre, BBO# 547402
WEISMAN & McINTYRE,
 *a Professional Corporation*
114 State Street
Boston, MA 02109
(617) 720-2727

DATED:  January 6, 2005

## CERTIFICATE OF SERVICE

I, Rebecca P. McIntyre, hereby certify that a true copy of the above document was served upon the attorney of record for each other party by hand delivery on January 6, 2005.

Rebecca P. McIntyre