UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIE EVANS, as Executor of the Estate of Marie R. Evans,<br><br>Plaintiff,<br><br>v.<br><br>LORILLARD TOBACCO COMPANY, GARBER BROS., INC., GEORGE MELHADO AND COMPANY, and FRANKLIN WHOLESALERS INC.,<br><br>Defendants. | CASE NO. 04-11840 (MLW) |

### PLAINTIFF'S OPPOSITION TO FRANKLIN WHOLESALERS, INC.'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Plaintiff hereby opposes Defendant Franklin Wholesalers, Inc.'s Motion for Leave to File Sur-Reply in Opposition to Plaintiff's Motion To Remand ("Franklin's Motion"). Franklin admits that the only reason it is seeking leave to file a sur-reply is to address the standard of fraudulent joinder because plaintiff allegedly "misstates" it. Leave to file a sur-reply should only be granted when the party seeking leave is "'unable to contest matters presented to the court for the first time' in the last scheduled pleading." See *Ben-Kotel v. Howard University*, 319 F.3d 532, 536 (D.C. Cir. 2003), quoting *Lewis v. Rumsfeld*, 154 F. Supp.2d 56, 61 (D. D. C. 2001). Franklin does not even argue that it has been unable to contest the matter of the fraudulent joinder standard applicable to plaintiff's Motion to Remand and for Award of Attorneys' Fees and Costs. On the contrary, Franklin has already addressed it twice – once in the Notice of Removal and again in its Opposition to Plaintiff's Motion to Remand. Leave to file a sur-reply

should not be granted where, as here, the sur-reply is a rehash of Franklin's earlier arguments and therefore, "is simply an effort to have the last word." *Koken v. Auburn Manufacturing, Inc.*, No. Civ. 02-83-B-C, 2004 WL 51099, at *6 (D. Me. Jan. 9, 2004).

In further opposition to Franklin's Motion, plaintiff relies on the arguments set forth in his Opposition to Lorillard Tobacco Company, Garber Bros., Inc. and George Melhado and Company's Joint Motion for Leave to File Joint Sur-Reply in Opposition to Plaintiff's Motion to Remand ("Opposition to Joint Motion"), filed on January 6, 2005. For the reason stated above and in the Opposition to Joint Motion, there is lack of good cause for granting Franklin's Motion and it should be denied.

> Plaintiff WILLIE EVANS, as Executor of the Estate of Marie R. Evans,
>
> By his Attorneys,
>
> *[signature]*
> Michael D. Weisman, BBO# 521000
> Rebecca P. McIntyre, BBO# 547402
> WEISMAN & McINTYRE,
>   *a Professional Corporation*
> 114 State Street
> Boston, MA 02109
> (617) 720-2727

DATED: January 11, 2005

### CERTIFICATE OF SERVICE

I, Rebecca P. McIntyre, hereby certify that a true copy of the above document was served upon the attorney of record for each other party by hand delivery on January 11, 2005.

*[signature]*
Rebecca P. McIntyre

2