UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WILLIE EVANS, as Executor of the Estate of Marie R. Evans, <br><br> Plaintiff, <br><br> v. <br><br> LORILLARD TOBACCO COMPANY, GARBER BROS., INC., GEORGE MELHADO AND COMPANY, and FRANKLIN WHOLESALERS, INC., <br><br> Defendants. | Civil Action No. 04-11840-MLW |

## JOINT STATEMENT

Pursuant to the Court's Notice of Scheduling Conference, dated January 20, 2005, and Local Rule 16.1(D), plaintiff, Willie Evans, as Executor of the Estate of Marie R. Evans, and defendants, Lorillard Tobacco Company, Garber Brothers, Inc., George Melhado and Company, and Franklin Wholesalers, Inc., submit the following Joint Statement.

### I.     Prior Proceedings

Proceedings in this matter began in Suffolk Superior Court when Ms. Marie R. Evans was alive and her attorneys petitioned the Superior Court for leave to take her evidence preservation deposition prior to the commencement of the action. Leave was granted by the Court on May 17, 2002, and Ms. Evans gave a discovery deposition on May 28, 2002, and a videotaped evidence preservation deposition on May 29 and May 31, 2002. Ms. Evans died on June 20, 2002.

Subsequently, on June 28, 2004, this action was commenced in Suffolk Superior Court by Ms. Evans's son, Willie Evans, now Executor of her Estate. The Complaint is in eight counts alleging fraud and misrepresentation, voluntary undertaking of a duty, breach of warranty, public nuisance, battery, violations of Chapter 93A, negligence, and wrongful death. Defendants removed the case to this Court on August 23, 2004.

## II.   Initial Disclosures

Pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2(a) and (d), plaintiff and defendants served their Initial Disclosures on September 13, 2004.

## III.   Rule 35.1 Disclosures

Plaintiff served his disclosures pursuant to Local Rule 35.1 on September 15, 2004.

## IV.   Written Discovery

Plaintiff served interrogatories and requests for production of documents to the defendants with the Complaint. After the case was removed to federal court, Lorillard served interrogatories and a request for production of documents on plaintiff. By agreement of the parties, this written discovery has been stayed pending the resolution of the motion to remand. By agreement of the parties, defendants will respond to plaintiff's written discovery 30 days after this Court's disposition of the motion to remand and plaintiff will respond to Lorillard's written discovery 60 days after disposition of plaintiff's motion to remand.

## V.   Responsive Pleadings and Motions

Defendants had indicated to plaintiff's counsel that they would move to dismiss the Complaint on all counts. By agreement of the parties, the filing of these motions has been deferred until after a resolution of the motion to remand. Accordingly, the parties submitted, and the Court has approved, a stipulation providing that defendants shall respond or move with

respect to the Complaint on or before 17 days after the Court rules on plaintiff's motion to remand.

## VI. Obligation of Counsel to Confer

Counsel for all parties conferred by telephone on February 22, 2004, for the purposes of preparing an agenda of matters to discuss at the Scheduling Conference, preparing a proposed pretrial schedule that includes a plan for discovery, and considering whether they were willing to consent to trial by a Magistrate Judge.

## VII. Agenda for Rule 16.1 Scheduling Conference

The parties' proposed pretrial schedule and discovery plan, and plaintiff's motion to remand.

## VIII. Proposed Pretrial Schedule and Discovery Plan

### A. Amendments to Discovery Limits

The parties disagree on whether the discovery guidelines imposed by the Federal Rules of Civil Procedure and the Local Rules with regard to depositions should be amended.

#### 1. Defendants' Position

Because plaintiff's allegations concern conduct that spans over a period of many decades, defendant Lorillard Tobacco Company proposes that it be allowed 25 fact witness depositions. For the same reasons, distributor defendants Franklin Wholesalers, Inc., Garber Bros., Inc., and George Melhado and Company propose that they be allowed, collectively, a total of 10 fact witness depositions. Because the case will undoubtedly involve a significant number of expert witnesses, the precise number and identity of whom cannot be determined at this time, defendants propose that any numerical limitation on depositions not apply to expert witness depositions.

    2.    **Plaintiff's Position.**

Plaintiff does not agree that the limitation on the number of depositions imposed by the rules should be amended. Also, plaintiff proposes that the issue of expert witness depositions be addressed at a later time.

    B.    <u>**Pre-Trial Schedule and Discovery Plan**</u>

The parties do not agree on the appropriate pre-trial schedule and discovery plan. Plaintiff's proposed schedule is attached as <u>Exhibit A</u>. Defendants' proposed schedule is attached as <u>Exhibit B</u>.

**IX.**    <u>**Trial Before Magistrate**</u>

The parties do not consent to trial by a Magistrate Judge.

**X.**    <u>**Local Rule 16.1(D)(3) Certifications**</u>

The parties' certifications, as required by Local Rule 16.1(D)(3), are being filed separately by each party.

| | |
|---|---|
| WILLIE EVANS, as Executor of the Estate of Marie R. Evans,<br>By his attorneys,<br><br>*/Rebecca McIntyre/ AE*<br>Michael D. Weisman (BBO# 521000)<br>Rebecca P. McIntyre (BBO# 547402)<br>Weisman & McIntyre, P.C.<br>114 State Street<br>Boston, MA 02109<br>(617) 720-2727 | LORILLARD TOBACCO COMPANY,<br>By its attorneys,<br><br>*/Scott Erlich/*<br>Andrew J. McElaney, Jr. (BBO# 332260)<br>Scott E. Erlich (BBO# 637202)<br>Timothy D. Johnston (BBO# 647894)<br>Nutter, McClennen & Fish, LLP<br>World Trade Center West<br>155 Seaport Boulevard<br>Boston, MA 02210<br>(617) 439-2000<br><br>-and-<br><br>Gay L. Tedder<br>Bruce R. Tepikian<br>Suzanne M. Teeven<br>Shook, Hardy & Bacon LLP<br>2555 Grand Blvd. |

Kansas City, MO 64108
(816) 474-6550

GEORGE MELHADO AND COMPANY,
By its attorneys,

_____
Andrew J. McElaney, Jr. (BBO# 332260)
Scott E. Erlich (BBO# 637202)
Timothy D. Johnston (BBO# 647894)
Nutter, McClennen & Fish, LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
(617) 439-2000

GARBER BROS., INC.,
By its attorneys,

_____
Andrew J. McElaney, Jr. (BBO# 332260)
Scott E. Erlich (BBO# 637202)
Timothy D. Johnston (BBO# 647894)
Nutter, McClennen & Fish, LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
(617) 439-2000

FRANKLIN WHOLESALERS, INC.
By its attorneys,

_____
Frank J. Bailey (BBO# 026485)
James W. Matthews (BBO# 560560)
Katy E. Koski (BBO# 650613)
Sherin and Lodgen LLP
101 Federal Street
Boston, MA 02110
(617) 646-2000

**CERTIFICATE OF SERVICE**
I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand
Date: 4/13/05

1407373.2